IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GILBERT BRYAN ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> Experian Information Solutions, Inc., ) <br> ) <br> Defendant ) <br> ) <br> ) | Case No. 525-cv-00585 |

# PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Plaintiff Gilbert Bryan ("Plaintiff"), proceeding pro se, respectfully submits this Reply in Support of his Motion to Strike Defendant Experian Information Solutions, Inc.'s ("Experian") Affirmative Defenses in response to Experian's Opposition.

## INTRODUCTION

Experian's Opposition fundamentally mischaracterizes the legal standards governing affirmative defenses and seeks to preserve boilerplate, factually unsupported defenses that fail to satisfy even minimal pleading requirements. While Experian correctly notes that motions to strike are viewed with caution, courts within the Fourth Circuit—including the Eastern District of North Carolina—have repeatedly struck insufficient affirmative defenses that lack factual support and provide no meaningful notice.

Experian's argument that its bare legal conclusions satisfy Rule 8(c) ignores the modern pleading standards established post-*Twombly* and *Iqbal*, which numerous courts within this Circuit have applied to affirmative defenses. Courts require more than threadbare recitals of legal elements; they require sufficient factual matter to establish plausibility.

## ARGUMENT

## I. THE TWOMBLY/IQBAL PLAUSIBILITY STANDARD APPLIES TO AFFIRMATIVE DEFENSES

### A. Fourth Circuit District Courts Apply Heightened Pleading Standards to Affirmative Defenses

Contrary to Experian's assertion that bare legal conclusions suffice, the majority of district courts within the Fourth Circuit—including courts in this District—have applied the *Twombly/Iqbal* plausibility standard to affirmative defenses.

In *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532 (D. Md. 2010), the court explicitly held that "the considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal*" mandate that the same pleading requirements apply equally to complaints and affirmative defenses. The court reasoned that requiring defendants to provide factual support prevents unnecessary discovery and promotes judicial efficiency.

Similarly, in *Francisco v. Verizon South, Inc.*, No. 3:09cv737 (E.D.N.C. 2010), the Eastern District of North Carolina applied the plausibility standard to affirmative defenses, requiring defendants to plead sufficient facts to move defenses "across the line

2

from conceivable to plausible". The court struck affirmative defenses that consisted of mere legal conclusions without factual support.

More recently, courts have continued this trend. As one court explained: "While a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient". The court clarified that "a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense".

## B. Rule 8(c) Requires More Than Boilerplate Language

Experian relies on outdated "fair notice" cases that predate the heightened pleading standards established in *Twombly* and *Iqbal*. However, Rule 8(c) must be read in harmony with Rule 8's overall requirement for a "short and plain statement" that provides meaningful notice.

Courts have recognized that allowing defendants to assert boilerplate defenses without factual support creates several problems:

- Forces plaintiffs to conduct unnecessary discovery on speculative defenses
- Wastes judicial resources addressing defenses without factual bases
- Provides defendants unfair advantage by preserving baseless defenses
- Undermines the notice pleading system by failing to identify actual issues in dispute

3

As the *Bradshaw* court noted, fairness requires equal pleading standards: it would be inequitable to hold plaintiffs to plausibility standards while allowing defendants to assert conclusory affirmative defenses.

## II. EXPERIAN'S SPECIFIC AFFIRMATIVE DEFENSES ARE INSUFFICIENT

### A. First Affirmative Defense – "Failure to State a Claim" Is Not an Affirmative Defense

Experian concedes that "failure to state a claim" is not a true affirmative defense but argues it should be treated as a denial. This concession proves Plaintiff's point: this defense should be stricken because it is improperly labeled and belongs in Experian's denials, not its affirmative defenses.

While Experian cites *Villa v. Ally Fin., Inc.* for the proposition that courts treat this as a denial rather than striking it, the proper remedy when a defense is mislabeled is to strike it from the affirmative defenses—Experian's actual denials already preserve this argument. Maintaining it as an "affirmative defense" creates confusion and clutter in the pleadings.

Moreover, Experian cannot have it both ways: either "failure to state a claim" is an affirmative defense subject to Rule 8(c) requirements, or it is a denial that does not belong in the affirmative defenses section. The Court should strike this improperly designated defense.

### B. Second Affirmative Defense – Truth/Accuracy Lacks Factual Support

Experian's assertion that "all information Experian communicated to any third person regarding Plaintiff was true" is a bare legal conclusion without any supporting facts.

4

Experian provides no factual basis for this sweeping claim:

- Which specific accounts does Experian claim were accurately reported?
- What investigation did Experian conduct to verify accuracy?
- What documentation supports the alleged accuracy?
- How does Experian reconcile this claim with Plaintiff's identity theft allegations?

Experian argues that factual disputes cannot be resolved at the pleading stage. This misses the point. Plaintiff does not ask the Court to resolve disputed facts; Plaintiff asks the Court to require Experian to plead *some* facts supporting its defense, rather than mere conclusions.

The *Marisol* case cited by Experian predates *Twombly* by nearly two decades and does not reflect current pleading standards. Modern courts require "sufficient factual matter, accepted as true, to state a defense that is plausible on its face".

Plaintiff's Affidavit of Identity provides sworn testimony that accounts were fraudulently opened and do not belong to Plaintiff. Experian's blanket assertion of "truth" without identifying what it claims is true or providing any factual basis fails to give Plaintiff meaningful notice of what Experian will attempt to prove.

### C. Third Affirmative Defense – Good Faith/Compliance Lacks Specificity

Experian's assertion that it "acted in good faith and complied fully with the FCRA" is equally conclusory.

Courts have struck nearly identical "good faith" defenses for lack of factual support. To survive a motion to strike, Experian must identify:

- What specific procedures did Experian follow?
- When did Experian conduct investigations?
- What sources did Experian consult to verify information?
- What steps demonstrate compliance with FCRA requirements?

Without these facts, Plaintiff has no meaningful ability to prepare for discovery or understand the factual basis for this defense. A bare assertion of "good faith" tells Plaintiff nothing about what Experian will attempt to prove at trial.

### D. Fifteenth Affirmative Defense – Arbitration Is Speculative

Experian's arbitration defense states that claims are barred "to the extent they are subject to a valid and binding arbitration agreement". This defense is wholly speculative and lacks any factual foundation.

Experian does not allege:

- That any arbitration agreement exists
- When or how any such agreement was formed
- What the terms of any alleged agreement are
- How Plaintiff manifested assent to arbitration

The defense hedges with "to the extent" and "may be subject," acknowledging Experian has no factual basis to assert this defense. Courts have struck similarly speculative defenses that amount to mere possibilities rather than plausible claims.

If Experian discovers evidence of an arbitration agreement during discovery, it may move to compel arbitration at that time. Preserving a speculative defense without any factual support serves no legitimate purpose and forces Plaintiff to address a phantom defense.

### E. Thirteenth Affirmative Defense – Jurisdiction and Venue Are Waived or Inapplicable

Experian's argument regarding jurisdiction and venue mischaracterizes the nature of this defense. While subject matter jurisdiction can never be waived, personal jurisdiction and venue defenses are waived if not timely raised under Rule 12(b).

Moreover, Experian has already appeared and litigated this case without challenging jurisdiction or venue, demonstrating these defenses are not actually at issue. Maintaining these as affirmative defenses creates confusion about what issues are genuinely disputed.

If Experian believes the Court lacks subject matter jurisdiction, it should file an appropriate motion under Rule 12(b)(1). Burying this argument in boilerplate affirmative defenses does not preserve the defense in any meaningful way and only clutters the pleadings.

### F. Equitable Defenses – Laches, Estoppel, Unclean Hands, Set-off/Recoupment – Lack Factual Support and May Be Inapplicable

Experian asserts four equitable defenses without providing any factual basis for any of them:

**Laches (Eleventh Affirmative Defense):** Experian provides no facts about:

- How long Plaintiff allegedly delayed in bringing claims
- What prejudice Experian suffered from any delay
- Why any delay was unreasonable under the circumstances

**Estoppel (Twelfth Affirmative Defense):** Experian alleges damages "were the direct and proximate result of the conduct of Plaintiff" without identifying what conduct or how it caused damages.

**Unclean Hands (Fourteenth Affirmative Defense):** Experian provides no factual basis for alleging Plaintiff engaged in any wrongful conduct related to this dispute.

**Set-off/Recoupment (Seventh Affirmative Defense):** Experian identifies no debts, claims, or amounts that could potentially be offset.

Experian's citation to cases permitting equitable defenses in FCRA cases misses the point: those courts did not hold that *bare conclusory statements* of equitable defenses are sufficient. The question is not whether such defenses are theoretically available, but whether Experian has pleaded sufficient facts to make them plausible.

Furthermore, if Plaintiff seeks only statutory damages and actual damages—not equitable relief—then equitable defenses like laches and unclean hands are inapplicable. Courts in this Circuit have struck equitable defenses where the plaintiff does not seek equitable remedies.

Experian argues that Plaintiff "makes no argument regarding whether or not he is seeking equitable remedies". Plaintiff's Complaint seeks damages under the FCRA, not equitable relief. Experian bears the burden of establishing the applicability of its affirmative defenses, not Plaintiff.

## III. EXPERIAN'S CITED CASES DO NOT SUPPORT ITS POSITION

Experian relies heavily on pre-*Twombly* cases and cases from outside this Circuit that do not reflect current Fourth Circuit standards.

| Case | Jurisdiction | Problem |
| --- | --- | --- |
| *Marisol, Inc.* | M.D. Pa. 1989 | Predates *Twombly* by 18 years |
| *Erickson* | 11th Cir. 2020 | Different Circuit; not binding |
| *Hearn* | 11th Cir. 2021 | Different Circuit; not binding |
| *Padilla* | S.D. Fla. 2023 | Different Circuit; not binding |

Table 1: Experian's Non-Binding and Outdated Authority

In contrast, Plaintiff relies on Fourth Circuit district court decisions that have applied modern pleading standards to affirmative defenses. These cases are directly on point and demonstrate that courts in this Circuit require factual support for affirmative defenses, not mere legal conclusions.

## IV. PLAINTIFF SUFFERS PREJUDICE FROM INSUFFICIENT AFFIRMATIVE DEFENSES

Experian argues Plaintiff has not demonstrated prejudice. This is incorrect. Plaintiff suffers prejudice in several ways:

1. **Discovery Burden:** Plaintiff must conduct discovery on speculative and unsupported defenses, wasting time and resources on defenses that may have no factual basis.

2. **Trial Preparation:** Without knowing the factual basis for Experian's defenses, Plaintiff cannot adequately prepare to rebut them at trial or summary judgment.

3. **Judicial Efficiency:** The Court and parties must expend resources addressing defenses that lack factual support and may ultimately be abandoned.

4. **Settlement Posture:** Baseless defenses artificially inflate Experian's perceived strength, affecting settlement negotiations and case valuation.

Courts have recognized these exact prejudices as justifying striking insufficient affirmative defenses. The purpose of pleading requirements is to identify real issues in dispute, not to preserve every conceivable defense regardless of factual support.

## V. STRIKING DEFENSES DOES NOT PREJUDICE EXPERIAN

Experian suggests that striking its defenses would be unfairly prejudicial. This is not so. If Experian discovers factual support for any defense during discovery, it may seek leave to amend its answer to replead that defense with appropriate factual support.

Courts routinely grant leave to amend affirmative defenses when the defendant can provide factual support. Striking insufficient defenses now promotes efficiency by:

- Clarifying which issues are actually in dispute

10

- Focusing discovery on real defenses with factual bases

- Preventing unnecessary motion practice on speculative defenses

- Encouraging defendants to investigate before asserting defenses

Experian had the opportunity to provide factual support for its defenses in its Answer. Having failed to do so, Experian should not be permitted to maintain placeholder defenses indefinitely.

## CONCLUSION

Experian's affirmative defenses fail to satisfy Rule 8(c) and the pleading standards established in *Twombly*, *Iqbal*, and Fourth Circuit cases applying those standards to affirmative defenses. The defenses consist of bare legal conclusions without factual support, failing to provide Plaintiff with meaningful notice of the factual bases for Experian's claims.

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. **GRANT** Plaintiff's Motion to Strike Defendant's Affirmative Defenses;

2. **STRIKE** the following affirmative defenses: First (Failure to State a Claim), Second (Truth/Accuracy), Third (Compliance/Good Faith), Seventh (Set-off/Recoupment), Eleventh (Laches), Twelfth (Estoppel), Thirteenth (Jurisdiction and Venue), Fourteenth (Unclean Hands), and Fifteenth (Arbitration);

3. **GRANT** Defendant leave to amend its affirmative defenses within fourteen (14) days if it can provide factual support; and

4. **GRANT** such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: November 7, 2025

*Gilbert Bry* (signature)
Gilbert Bryan
Plaintiff, Pro Se
5506 Dodge Drive
Fayetteville, NC 28314
gbryan115@gmail.com
(910) 257-7828

12

## CERTIFICATE OF SERVICE

I, GILBERT BRYAN, certify that on November 7, 2025 a copy of this **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES** was mailed via United States Postal Service First Class Mail on the date set forth below and served upon the DEFENDANT to the following name(s) and address:

DATED: November 7, 2025

*/s/ Michael Peretz*
Michael Peretz (N.C. Bar No. 56682)
North Carolina Bar No. 56682
TROUTMAN PEPPER LOCKE, LLP
301 S College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 998-4099
Email: michael.peretz @troutman.com
Attorney for Defendant Experian
Information Solutions, Inc

Gilbert Bryan
Plaintiff, Pro Se
5506 Dodge Drive
Fayetteville, NC 28314
gbryan115@gmail.com
(910) 257-7828