IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA

GILBERT BRYAN )
)
Plaintiff )
)
v. )  Case No. 5:25-cv-00585
)
Experian Information Solutions, Inc., )
)
Defendant )
)
)

1. Plaintiff Gilbert Bryan ("Plaintiff"), proceeding pro se, respectfully moves this Court for partial summary judgment on the issue of Defendant Experian Information Solutions, Inc.'s ("Experian") liability under 15 U.S.C. § 1681i(a)(7).

2. There is no genuine dispute of material fact that Experian failed to disclose the method of verification after Plaintiff's lawful request, and Plaintiff is entitled to judgment as a matter of law on this claim.

**INTRODUCTION**

3. This motion concerns a single, discrete statutory obligation imposed by the Fair Credit Reporting Act ("FCRA"): when a consumer requests the method of verification following a reinvestigation, a consumer reporting agency must disclose how the information was verified and who verified it. See 15 U.S.C. § 1681i(a)(7).

4. The undisputed record shows that Plaintiff requested the method of verification, and that Experian responded only with generic dispute result notices describing its dispute process in abstract terms.

1

5. Experian did not disclose the method used to verify the disputed information, did not identify any furnisher contacted, and did not provide any account-specific verification details.

6. Experian's counsel has confirmed that these generic notices constitute the information upon which Experian relies.

7. Because the material facts are undisputed and further discovery cannot alter the contents of Experian's response, partial summary judgment on liability under § 1681i(a)(7) is appropriate.

## II. SCOPE OF THIS MOTION

8. This Motion for Partial Summary Judgment is intentionally narrow.

9. Plaintiff does not ask the Court to resolve issues concerning damages, willfulness, bankruptcy reporting, or the accuracy or legal effect of any 1099-C or related documents.

10. Those matters are not before the Court on this motion.

11. The sole issue presented is whether Experian complied with its mandatory disclosure obligation under 15 U.S.C. § 1681i(a)(7) after Plaintiff requested the method of verification.

12. That issue turns exclusively on the content of Experian's response, which is undisputed and fully reflected in the record.

## III. UNDISPUTED MATERIAL FACTS

13. The undisputed material facts are set forth in Plaintiff's Statement of Undisputed Material Facts filed contemporaneously with this motion and are incorporated herein by reference. See Pl.'s SUMF ¶¶ 1–26.

## IV. LEGAL STANDARD

2

14. Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

15. A dispute is not genuine where the nonmoving party fails to produce evidence sufficient for a reasonable factfinder to return a verdict in its favor.

16. When a motion is properly supported, the opposing party may not rely on conclusory assertions, speculation, or argument, but must cite specific evidence in the record. Fed. R. Civ. P. 56(c).

17. Unsupported denials do not create a genuine dispute of material fact.

## V. ARGUMENT

18. A. The FCRA Requires Disclosure of the Method of Verification

19. Under 15 U.S.C. § 1681i(a)(7), if a consumer requests the method of verification following a reinvestigation, the consumer reporting agency must provide:

20. A description of the method used to verify the information; and

21. The name, address, and telephone number of any furnisher contacted.

22. This provision imposes a mandatory disclosure obligation, not a discretionary one.

23. B. It Is Undisputed That Plaintiff Requested the Method of Verification

24. It is undisputed that Plaintiff disputed accounts on his Experian credit file and requested disclosure of the method of verification pursuant to § 1681i(a)(7). Pl.'s SUMF ¶¶ 5–8.

25. Experian received this request. Id.

26. C. It Is Undisputed That Experian Failed to Disclose the Method of Verification

27. It is undisputed that Experian responded to Plaintiff's request by providing dispute result notices dated March 24, May 20, and July 17, 2025. Pl.'s SUMF 9.

## VI. THOSE NOTICES:

3

28. Describe Experian's dispute process only in general terms (¶ 10);

29. Do not identify any furnisher by name (¶ 11);

30. Do not provide any furnisher address or telephone number (¶ 12);

31. Do not disclose the method used to verify the disputed information (¶ 13);

32. Do not identify documents, data fields, or records reviewed (¶ 14);

33. Do not identify the date or manner of any verification (¶ 15); and

34. Contain no account-specific verification details (¶ 16).

35. Experian has not produced any verification logs, reinvestigation notes, internal records, screenshots, or affidavits identifying a method of verification. Pl.'s SUMF ¶¶ 18–19.

36. D. Experian's Counsel Confirmed That No Additional Verification Disclosure Exists

37. Experian's counsel represented in writing that the information Plaintiff requested "appears on the dispute results Experian has provided." Pl.'s SUMF    17.

38. Thus, there is no factual dispute regarding whether Experian disclosed additional verification information—it did not.

39. E. There Is No Genuine Dispute of Material Fact and Plaintiff Is Entitled to Judgment as a Matter of Law

40. Because the content of Experian's response is undisputed and fails, as a matter of law, to satisfy § 1681i(a)(7), no reasonable factfinder could conclude that Experian complied with the statute. Pl.'s SUMF ¶¶ 20–26.

41. Discovery cannot change the contents of the documents Experian produced or the admissions made by its counsel.

42. Accordingly, partial summary judgment on liability under 15 U.S.C. § 1681i(a)(7) is warranted.

4

## VII. CONCLUSION

43. For the foregoing reasons, Plaintiff respectfully requests that the Court grant partial summary judgment in his favor and against Experian on liability under 15 U.S.C. § 1681i(a)(7), and for such other and further relief as the Court deems just and proper.

DATE: February 9, 2026

Respectfully Submitted,

Gilbert Bryan
5506 Dodge Drive
Fayetteville, NC 28303
910.257.7828
gbryan115@gmail.com

5