IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| GILBERT BRYAN,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | Civil Action No. 5:25-cv-585-D |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, submits this Memorandum in Support of its Opposition to Plaintiff's Partial Motion for Summary Judgment.

**INTRODUCTION**

Plaintiff Gilbert Bryan's ("Plaintiff") Partial Motion for Summary Judgment is solely related to his claim that Experian is liable for damages for its failure to comply with 15 U.S.C. § 1681i(a)(7). Plaintiff claims that there is no genuine dispute of material fact that Experian failed to disclose the method of verification and that Plaintiff is entitled to judgment as a matter of law on this claim.

Denial of Plaintiff's Motion for Partial Summary Judgment is warranted. Plaintiff has produced no evidence in the record to establish that any of his Disputed Accounts were reported incorrectly by Experian, thus failing to meet the essential element for claims under the FCRA. *See generally* Dkt. 18 & 19. Additionally, Plaintiff's claim that Experian failed to provide him with responses to his Method of Verification ("MOV") requests is inaccurate. Experian provided

Plaintiff with responses to Plaintiff's MOV requests on December 9, 2024, December 13, 2024, December 30, 2024, Janury 2, 2025, January 6, 2025, March 24, 2025, May 20, 2025, May 29, 2025, June 20, 2025, July 16, 2025, July 17, 2025, and July 25, 2025. *See* Defendant's Statement of Facts ("DSOF") ¶ 30.

Further, Plaintiff has provided no case law or statute to demonstrate why Experian's MOV responses are deficient or to establish that a violation of 15 U.S.C. § 1681i(a)(7) is an independent cause of action. Even if it is determined that such a violation is an independent cause of action, Plaintiff can demonstrate no damages for the alleged violation.

## **LEGAL STANDARD**

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact" and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Critically, the movant must support its motion with citations to the record showing the absence of genuine dispute. *See* Fed. R. Civ. P. 56(c); *Dash v. Mayweather,* 731 F.3d 303, 311 (4th Cir. 2013). Only if the movant satisfies this initial burden does the burden shift to the nonmoving party to come forward with specific facts showing a genuine issue for trial. *Celotex,* 477 U.S. at 323–24.

Because Plaintiff is the summary judgment movant, Plaintiff bears the burden of showing that "there is no genuine dispute as to any material fact and that [he] is entitled to judgment as a

matter of law." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (internal quotation marks omitted). Where, as here, the movant fails to carry that initial burden—by, for example, relying on conclusory assertions, mischaracterizing the record, or ignoring conflicting evidence—summary judgment must be denied without any obligation on the nonmovant to produce additional evidence. *See Celotex*, 477 U.S. at 323–24 (explaining that the burden does not shift until the movant has met its initial responsibility); *Dash*, 731 F.3d at 311 (movant must "demonstrate the absence of a genuine dispute of material fact").

## ARGUMENT

I.  **PLAINTIFF CANNOT ESTABLISH A CLAIM UNDER 15 U.S.C. § 1681i BECAUSE PLAINTIFF HAS NOT IDENTIFIED AN INACCURACY**

Plaintiff's claim related to the MOV requests is a claim under 15 U.S.C. § 1681i.15 U.S.C. § 1681i of the FCRA states, in pertinent part:

> If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.

An inaccuracy is a threshold requirement for a claim under FCRA for failure to conduct a reasonable reinvestigation of disputed information. *See McDaniel v. Hunter Warfield, Inc.*, No.5:23-CV-732-D, 2024 WL 1812135, at *4 (E.D.N.C. April 25, 2024). Plaintiff's § 1681i claim fails because he cannot demonstrate that the Disputed Accounts are inaccurate.

Plaintiff has failed to meet his burden to allege any inaccuracy in the Disputed Accounts identified in his Complaint. Rather than identifying specific information in any tradeline that is false, Plaintiff instead seeks removal of the tradelines on the grounds that the Disputed Accounts are allegedly not his, were discharged in bankruptcy, or were cancelled by a Form 1099-C.

3

The bankruptcy Plaintiff alleges he filed does not appear in the public records. DSOF ¶¶ 31–35. The purported certificates of discharge are dated in 2021 but are notarized in 2025. *Id*. There is no record that this bankruptcy exists or that any discharge of these debts ever occurred. *Id*.

Likewise, the 1099-Cs on which Plaintiff relies do not appear to be authentic. DSOF ¶ 37. The 1099-Cs contain multiple inaccuracies and mistakes and reference the non-existent Bankruptcy discharge. *Id*. The furnishers confirmed through their ACDV responses that the tradelines had not been discharged or cancelled. DSOF ¶ 38. There is therefore no authentic support for Plaintiff's assertion that his debts were discharged or cancelled.

Because Plaintiff has not pled any inaccuracies, and because the purported bases he advances for deletion of the negative tradelines are unsupported by competent evidence or fact, Plaintiff's motion for summary judgment on his § 1681i claim must fail.

Additionally, Experian provided dispute results to Plaintiff and complied with §1681i(a)(7) by providing Plaintiff with multiple responses to his requests for methods of verification, including a response on July 17, 2025 to Plaintiff's specific MOV request made on July 5, 2025. DSOF ¶ 30. Because Experian *reinvestigated* each dispute and was entitled to rely on the furnishers to *investigate* the disputes and provided the relevant dispute results and MOV to Plaintiff, Plaintiff's motion for summary judgment on his § 1681i claim must fail.

## II.   PLAINTIFF CANNOT ESTABLISH A CLAIM UNDER 15 U.S.C. § 1681i(a)(7)

Plaintiff provides no case law or statute to demonstrate that there is an independent cause of action under this subsection of the statute outside of the requirements of § 1681i. Notwithstanding, Experian has complied with 15 U.S.C. § 1681i(a)(7).

4

325811430v1
Case 5:25-cv-00585-D-RN   Document 27   Filed 02/24/26   Page 4 of 8

15 U.S.C. § 1681i(a)(7) of the FCRA states:

> A consumer reporting agency shall provide to a consumer a description referred to in paragraph (6)(B)(iii) by no later than 15 days after receiving a request from the consumer for that description.

15 U.S.C. § 1681i(a)(6)(B)(iii) of the FCRA states, in relevant part:

> The procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available.

On December 9, 2024, December 13, 2024, December 30, 2024, January 2, 2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, 2025, Experian provided Plaintiff with dispute results. *See* DSOF ¶ 30. The first page of each dispute result letter contains a description of the procedure used to determine the accuracy and completeness of the information, while each tradeline entry in the dispute results shows the business name, address, and telephone number for the furnisher related to that tradeline.

### III. PLAINTIFF FAILS TO ESTABLISH DAMAGES

Plaintiff has provided no case law or statute that shows how the dispute results and letters Experian provided him do not conform with 15 U.S.C. § 1681i(a)(7). He has also provided no case law or statute suggesting that any such violation is an independent cause of action from the requirements of §1681i outlined above. Additionally, Plaintiff provides no documentation in support of the damages alleged in his Complaint, Dkt. 1 ¶ 16, or in his Motion for Partial Summary Judgment, Dkts. 18 & 19. Plaintiff also has not provided any support for his damages claim despite a request for production seeking documentation in support of Plaintiff's allegation of damages.

### CONCLUSION

For the reasons set forth herein, has not, and cannot, prove liability or damages in this matter, and this Court should deny Plaintiff's Motion for Partial Summary Judgment as a result. Wherefore, Experian respectfully requests that the Court deny Plaintiff's Motion for Partial Summary Judgment and grant such other and further relief as the Court deems just and proper.

Dated: February 24, 2026

Respectfully Submitted,

*/s/ R. Kyle Driggers*
R. Kyle Driggers (N.C. Bar No. 62334)
TROUTMAN PEPPER LOCKE LLP
305 Church at N. Hills St., #1200
Raleigh, NC 27609
Telephone: 919-835-4145
Email: kyle.driggers@troutman.com

*Counsel for Defendant Experian Information Solutions, Inc.*

## CERTIFICATE OF WORD COUNT

The foregoing memorandum contains 1658 words, which complies with the word limit of 8,400 words for a memorandum in opposition to a non-discovery motion, pursuant to Local Rule 7.2(f).

>                        */s/ R. Kyle Driggers*
>                        R. Kyle Driggers

## **CERTIFICATE OF SERVICE**

   I certify that on February 24, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served via regular mail upon:

Gilbert Bryan
5506 Dodge Drive
Fayetteville, NC 28303
*Pro Se Plaintiff*

              */s/ R. Kyle Driggers*
              R. Kyle Driggers