# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# EASTERN DIVISION

| | |
|---|---|
| GILBERT BRYAN,<br><br>   Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>   Defendant. | Civil Action No. 5:25-cv-585-D |

## EXPERIAN INFORMATION SOLUTIONS, INC.'S STATEMENT OF MATERIAL FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a), Defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, respectfully submits the following statement of material facts which demonstrates there is genuine issue to be tried in opposition to Plaintiff's Motion for Summary Judgment:

  I. **THE PARTIES**

  1. It is undisputed that Plaintiff Gilbert Bryan is a consumer within the meaning of the Fair Credit Reporting Act ("FCRA").

  2. It is undisputed that Experian is a consumer reporting agency as defined by the FCRA.

  3. It is undisputed that Plaintiff has had various disputes and disclosures with Experian from two years prior to the filing of the complaint through the date of the complaint.

  II. **PLAINTIFF'S INITIAL DISPUTE AND ESCALATION**

  4. It is undisputed that a dispute was submitted by Plaintiff on or about May 12, 2025, via the CFPB.

5. Disputed. **Exhibit D** is the May 12, 2025, CFPB complaint with no supporting documents attached to it. The Certificate of Discharge and 1099-C referenced in Exhibit D and provided elsewhere are not authentic.

6. Disputed. Experian timely responded to Plaintiff's dispute. The tradelines at issue in this case—the two USAA accounts—remained on Plaintiff's credit report.

7. Disputed. Experian timely responded to Plaintiff's dispute.

8. Undisputed. The two accounts subject to this lawsuit that were part of this dispute appeared on Plaintiff's Experian credit report after the dispute.

### III. PLAINTIFF'S REQUEST FOR METHOD OF VERIFICATION

9. Undisputed. Plaintiff, or someone on Plaintiff's behalf, sent **Exhibit E** to Experian. Disputed that it is a proper method of verification. Additionally, Exhibit E does not reference the statute Plaintiff claims it does in his Statement of Facts. Finally, **Exhibit E** references a bankruptcy that does not exist and inauthentic 1099-C forms.

10. Disputed. The statement "Plaintiff's request sought disclosure of how the disputed information was verified and the identity of any furnisher contacted" is inaccurate. **Exhibit E** specifically requests powers of attorney and specific documents Experian used to verify the accounts along with details of how the verification was conducted.

11. Undisputed. Experian received the document dated July 5, 2025, that Plaintiff has labeled a request for method of verification.

### IV. EXPERIAN'S RESPONSE TO THE VERIFICATION REQUEST

12. Disputed. It is not clear which request Plaintiff is referring to as "Plaintiff's request." The requests that are referenced in Plaintiff's complaint were reinvestigated and responded to in accordance with the FCRA. The dispute results that were provided to Plaintiff on

2

325811515v2
Case 5:25-cv-00585-D-RN     Document 28     Filed 02/24/26     Page 2 of 9

December 9, 2024, December 13, 2024, December 30, 2024, January 2, 2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, 2025 have been produced as Exhibits A-J attached to Christina Hamilton's declaration in support of Experian's Motion for Summary Judgment.

13. Disputed. Exhibits A-C are not the dispute results. The dispute results that were provided to Plaintiff on December 9, 2024, December 13, 2024, December 30, 2024, January 2, 2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, 2025 have been produced as Exhibits A-J attached to Christina Hamilton's declaration in support of Experian's Motion for Summary Judgment.

14. Disputed. Exhibits A-C are not the dispute results. The dispute results that were provided to Plaintiff on December 9, 2024, December 13, 2024, December 30, 2024, January 2, 2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, 2025 have been produced as Exhibits A-J attached to Christina Hamilton's declaration in support of Experian's Motion for Summary Judgment. The dispute results identify the business name as required by 15 U.S.C. § 1681i(a)(6)(B)(iii).

15. Disputed. Exhibits A-C are not the dispute results. The dispute results that were provided to Plaintiff on December 9, 2024, December 13, 2024, December 30, 2024, January 2, 2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, 2025 have been produced as Exhibits A-J attached to Christina Hamilton's declaration in support of Experian's Motion for Summary Judgment. The dispute results identify the address or telephone number of the furnisher as required by 15 U.S.C. § 1681i(a)(6)(B)(iii).

16. Disputed. Exhibits A-C are not the dispute results. The dispute results that were provided to Plaintiff on December 9, 2024, December 13, 2024, December 30, 2024, January 2,

3

2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, 2025 have been produced as Exhibits A-J attached to Christina Hamilton's declaration in support of Experian's Motion for Summary Judgment. Exhibits A-C and the dispute results identify the method used to verify disputed information.

17. Disputed. Exhibits A-C are not the dispute results. The dispute results that were provided to Plaintiff on December 9, 2024, December 13, 2024, December 30, 2024, January 2, 2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, 2025 have been produced as Exhibits A-J attached to Christina Hamilton's declaration in support of Experian's Motion for Summary Judgment. It is unclear what Plaintiff's Statement of Fact means as it is vague and not based on any statute or case law. The dispute results provided by Experian comply with 15 U.S.C. §§ 1681i(a)(7) and 1681i(a)(6)(B)(iii).

18. Disputed. Exhibits A-C are not the dispute results. The dispute results that were provided to Plaintiff on December 9, 2024, December 13, 2024, December 30, 2024, January 2, 2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, 2025 have been produced as Exhibits A-J attached to Christina Hamilton's declaration in support of Experian's Motion for Summary Judgment. It is unclear what Plaintiff's Statement of Fact means as it is vague and not based on any statute or case law. The dispute results provided by Experian bear dated and comply with 15 U.S.C. §§ 1681i(a)(7) and 1681i(a)(6)(B)(iii).

19. Disputed. Exhibits A-C are not the dispute results. The dispute results that were provided to Plaintiff on December 9, 2024, December 13, 2024, December 30, 2024, January 2, 2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, 2025 have been produced as Exhibits A-J attached to Christina Hamilton's declaration in support of Experian's Motion for Summary Judgment. It is unclear what Plaintiff's Statement of Fact means as it is vague

and not based on any statute or case law. The dispute results provided by Experian comply with 15 U.S.C. §§ 1681i(a)(7) and 1681i(a)(6)(B)(iii).

## V. ADMISSION BY EXPERIAN'S COUNSEL

20. Disputed. **Exhibit** G reflects an email from Experian's counsel in response to an unknown inquiry from Plaintiff. The email does not include an admission whatsoever by Experian. Further, the email reflects that Experian's counsel informed Plaintiff that the dispute results and letters informing Plaintiff of the method of verification have been provided to him.

21. Disputed. Experian produced multiple documents to demonstrate its compliance with the statute and a declaration in support of its motion for summary judgment identifying multiple responses to Plaintiff's Method of Verification requests.

22. Disputed. Experian provided Plaintiff with multiple dispute results that contain the business name, address, or telephone number of the furnishers.

## VI. UNDISPUTED NON-COMPLIANCE WITH 15 U.S.C. § 1681i(a)(7)

23. Disputed. Plaintiff requested verification as authorized by 15 U.S.C. § 1681i(a)(1)(A), not 15 U.S.C. § 1681i(a)(7).

24. Disputed. Experian provided the method of verification used to verify the disputed information.

25. Disputed. Exhibits A-C are not the dispute results. The dispute results that were provided to Plaintiff on December 9, 2024, December 13, 2024, December 30, 2024, January 2, 2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, 2025 have been produced as Exhibits A-J attached to Christina Hamilton's declaration in support of Experian's Motion for Summary Judgment. The dispute results identify the name, address or telephone number of the furnisher as required by 15 U.S.C. § 1681i(a)(6)(B)(iii).

26. Disputed. Experian complied with the disclosure requirements of 15 U.S.C. § 1681i(a)(7).

### VII. NO GENUINE DISPUTE OF MATERIAL FACT

27. Disputed. Experian provided the method of verification as required by statute.

28. Disputed. Experian's responses consisted of more than a generic dispute results notice.

29. Disputed. Experian's responses provided account-specific verification information.

### EXPERIAN'S ADDITIONAL STATEMENT OF MATERIAL FACT

30. On March 24, 2025, May 20, 2025, and July 17, 2025, Experian provided Plaintiff with letters that set forth the methods Experian used to verify its reporting. The dispute results sent on December 9, 2024, December 13, 2024, December 30, 2024, January 2, 2025, January 6, 2025, May 29, 2025, June 20, 2025, July 16, 2025, and July 25, also include responses to Plaintiff's MOV requests. Hamilton Declaration in Support of Experian's Motion for Summary Judgment ("Exp. Decl.") ¶¶ 21-30, 42, Exs. A-J, O.

31. On May 12, 2025, Plaintiff filed a complaint with the CFPB, CFPB # 250512-20730825, in which he alleged the reporting of the Disputed Accounts in violation of the U.S. Bankruptcy Code. Attached to that complaint were multiple "notarized Certificate of Discharge" on "Official Substitute Form 101" ("Form 101") indicating the Plaintiff's discharge under Chapter 11 of the Bankruptcy Code on various dates in 2021.

32. This Court can take judicial notice that Official Form 101 is a petition for bankruptcy, not an order of discharge.

33. The Form 101s did not include a complete case number, did not contain a PACER

header, and was signed in the presence of a notary by the Plaintiff, not a member of the court. Further, the Form 101s indicated discharge dates in 2021, but was executed May 12, 2025.

34. A search of the National Pacer Locator using Plaintiff's complete social security number for any bankruptcy filing yields no results.



35. This Court can take judicial notice of the records of the United States Bankruptcy Courts that do not have any record of a bankruptcy filing let alone discharge by the Plaintiff.

36. Also attached to this CFPB Complaint and as Exhibit B to Plaintiff's complaint were purported 1099-Cs for the Disputed Accounts.

37. On each and every 1099-C, the drafter :

  1. incorrectly identified the Plaintiff as the creditor and not the debtor;
  2. incorrectly identified the creditor as the debtor Plaintiff;
  3. incorrectly placed the Plaintiff's social security number in the section for the creditor's Tax Identification Number ("TIN");
  4. incorrectly placed the creditors' TINs in the section for the Debtor (Plaintiff); and,
  5. identified the Identifiable Event Code as "A" – a chapter 11 Bankruptcy discharge despite there being no record of such a bankruptcy.

7

325811515v2
Case 5:25-cv-00585-D-RN     Document 28     Filed 02/24/26     Page 7 of 9

38. Experian reinvestigated Plaintiff's disputes via ACDVs. Exp. Decl. ¶¶ 32-41, Exs. L-N. In response to the disputes submitted by Plaintiff, the furnishers confirmed the accuracy of Experian's reporting. Exp. Decl. ¶¶ 32-41, Exs. L-N.

Dated: February 24, 2026

Respectfully Submitted,

*/s/ R. Kyle Driggers*
R. Kyle Driggers (N.C. Bar No. 62334)
TROUTMAN PEPPER LOCKE LLP
305 Church at N. Hills St., #1200
Raleigh, NC 27609
Telephone: 919-835-4145
Email: kyle.driggers@troutman.com

*Counsel for Defendant Experian Information Solutions, Inc*

## CERTIFICATE OF SERVICE

I certify that on February 24, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served via regular mail upon:

Gilbert Bryan
5506 Dodge Drive
Fayetteville, NC 28303
*Pro Se Plaintiff*

*/s/ R. Kyle Driggers*
R. Kyle Driggers

9

325811515v2
Case 5:25-cv-00585-D-RN   Document 28   Filed 02/24/26   Page 9 of 9