**FILED**

FEB 2 6 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ____ꟼꟼꟼ____ DEP CLK

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NORTH CAROLINA

GILBERT BRYAN  )
)
Plaintiff  )
)  Case No. 5:25-cv-00585
)  COMBINED RESPONSE IN OPPOSITION
)  TO DEFENDANT'S MOTION FOR
v.  )  SUMMARY JUDGMENT AND MOTION
)  FOR LIMITED RELIEF FROM
)  DISCOVERY DEADLINES AND TO
)  COMPEL TARGETED RESPONSES
Experian Information Solutions, Inc.,  )
)
Defendant  )
)

## I. INTRODUCTION

1. Plaintiff Gilbert Bryan, proceeding pro se, respectfully submits this combined Response in Opposition to Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment and Motion for Limited Relief from Discovery Deadlines and to Compel Targeted Responses.

2. Plaintiff asks the Court to deny Experian's summary-judgment motion and to grant or preserve Plaintiff's pending motion for partial summary judgment because genuine disputes of material fact exist regarding Experian's handling of Plaintiff's identity-theft reports, disputes, and Method of Verification requests, and because Experian has withheld core discovery bearing directly on those issues.

3. Under Rule 56, summary judgment is appropriate only where there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law; the Court must view the evidence in the light most favorable to the non-moving party and may not resolve credibility disputes or weigh competing evidence at this stage.

1

4.  Plaintiff also seeks limited modification of the scheduling order under Rule 16(b)(4) so Experian can be compelled to provide targeted discovery it should have provided before the close of discovery.

5.  Plaintiff diligently served his First Set of Interrogatories on October 29, 2025 and engaged in a meet-and-confer, but Experian never served any answers or objections before discovery closed on January 15, 2026.

6.  After discovery closed, Experian mailed Plaintiff a document production exceeding 900 pages, which Plaintiff did not receive until approximately January 21, 2026.

7.  As a pro se litigant, Plaintiff could not reasonably review that voluminous production, determine what it contained, and move to compel within the expired deadlines.

8.  Good cause therefore exists to modestly modify the schedule so that Experian is required to answer key interrogatories and to identify the specific documents it contends show compliance with its FCRA obligations, allowing the Court to resolve the summary-judgment motions on a complete and fair record.

## II. STATEMENT OF FACTS

9.  Plaintiff Gilbert Bryan is a consumer who resides in Fayetteville, North Carolina and has a credit file maintained by Experian Information Solutions, Inc.(Exhibit 6)

10.  Over the past several years, Plaintiff has experienced identity-theft-related issues and believes his Social Security number has been used without his consent to create or report unauthorized liabilities in his name.(Exhibit 6)

2

11. Plaintiff submitted disputes through the Consumer Financial Protection Bureau ("CFPB") concerning multiple accounts appearing on his Experian credit file, including a written narrative and supporting documentation (CFPB Complaint No. 250512-20730825 and attachments).(Exhibit 5)

12. Experian did not remove or correct the disputed items following Plaintiff's initial CFPB dispute, and the disputed accounts continued to appear on Plaintiff's Experian credit file.(Exhibit 5)

13. After Experian failed to resolve the matter, Plaintiff escalated his concerns by submitting an additional CFPB complaint and by sending Experian a written Method of Verification request dated July 5, 2025, referencing 15 U.S.C. § 1681i(a)(7) (Method of Verification letter).(Exhibit 5)

14. Plaintiff's Method of Verification letter asked Experian to disclose how the disputed information was verified, what documents or data were used, and to identify any furnishers contacted in connection with the disputed accounts.(Exhibit 5)

15. Experian received Plaintiff's Method of Verification request, as shown by USPS tracking confirming delivery in Allen, Texas on July 10, 2025.(Exhibit 5)

16. In response, Experian sent Plaintiff dispute result notices dated March 24, May 20, and July 17, 2025, which describe Experian's dispute process only in general terms and do not identify any furnisher by name, address, or phone number, do not describe the specific method used to verify Plaintiff's accounts, and do not provide any account-specific verification details (Experian dispute result notices).(Exhibit 5)

3

17. Experian has not produced any verification logs, reinvestigation notes, internal records, or other documents that identify the method used to verify the disputed information or the furnishers allegedly contacted in response to Plaintiff's Method of Verification request.(Exhibit 5)

18. Experian's counsel later asserted in writing that the information Plaintiff requested 'appears on the dispute results Experian has provided.'

19. On October 29, 2025, Plaintiff served his First Set of Interrogatories on Experian pursuant to Rule 33, seeking information about who investigated his disputes, the method of verification used, Experian's procedures for handling identity-theft disputes, communications with furnishers, and the factual bases for Experian's affirmative defenses.(Exhibit 1)

20. Experian served written responses to Plaintiff's interrogatories on or about November 26, 2025, but many answers consisted primarily of objections and references to Plaintiff's consumer file or future productions under Rule 33(d), rather than substantive answers to the questions asked.(Exhibit 2)

21. On December 27, 2025, Plaintiff served his responses to Experian's discovery requests, including Experian's requests for production, requests for admission, and first set of interrogatories, demonstrating Plaintiff's ongoing participation in discovery.

22. On December 31, 2025, Plaintiff sent a detailed meet-and-confer letter to Experian's counsel identifying deficiencies in Experian's interrogatory responses, explaining why the responses were improper under Rules 26, 33, and 33(d), and requesting that Experian cure the deficiencies within ten days.(Exhibit 3)

4

23. In that letter, Plaintiff specifically challenged Experian's blanket statements that it was "unable to respond" to certain interrogatories and its failure to identify specific documents and locations when invoking Rule 33(d).(Exhibit 3)

24. On January 12, 2026, at approximately 2:00 p.m. EST, Plaintiff and Experian's counsel held a meet-and-confer by phone to discuss the deficiencies in Experian's interrogatory responses and Plaintiff's request for supplemental answers.(Exhibit 3)

25. Later that same day, on January 12, 2026, an Experian paralegal instructed a vendor to copy and mail to Plaintiff a 909-page document labeled "Exp_Bryan_Gilbert_000001-000909.pdf" to Plaintiff's Forest Park, Georgia mailing address.(Exhibit 4)

26. Under the Court's scheduling order and discovery plan, discovery in this case closed on January 15, 2026.

27. Plaintiff did not receive the 900-plus-page production until after the January 15, 2026 discovery cutoff, giving him no realistic opportunity, as a pro se litigant, to review the documents, determine what they contained, and prepare a motion to compel or additional discovery requests before the deadline.(Exhibit 4)

28. Experian has not identified, by Bates number or otherwise, which specific pages in the 900-plus-page production it contends show receipt, investigation, or resolution of Plaintiff's disputes and identity-theft reports.(Exhibit 4)

29. On February 9, 2026, Plaintiff filed his Motion for Partial Summary Judgment on the discrete issue of Experian's liability under 15 U.S.C. § 1681i(a)(7) for failing to properly disclose the method of verification.

5

30. On February 17, 2026, Experian filed its Motion for Summary Judgment seeking judgment in its favor on Plaintiff's claims, while Plaintiff's motion for partial summary judgment remained pending.

31. Plaintiff is proceeding pro se and, despite his efforts to comply with the rules and deadlines, has been unable to obtain complete interrogatory responses or usable guidance regarding Experian's late 900-plus-page production without the Court's assistance.(Exhibit 1–4)

32. Based on the foregoing facts, Experian is not entitled to summary judgment, and good cause exists to modestly modify the discovery deadlines so that Plaintiff can obtain and use the targeted discovery necessary for a fair adjudication of his FCRA and Method of Verification claims.

**III. ARGUMENT**

33. A. Good cause exists under Rule 16(b)(4) to modify the discovery deadlines.

34. Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."

35. Good cause focuses on the diligence of the party seeking relief and whether the deadlines could be met despite that party's efforts.

36. Here, Plaintiff diligently pursued discovery by serving targeted interrogatories on Experian and participating in a meet-and-confer, but Experian's responses consisted largely of objections and Rule 33(d) references and Experian then served a 900-plus-page document dump that Plaintiff did not receive until after the discovery cutoff.(Exhibit 1–4)

6

37. In these circumstances, Plaintiff could not reasonably comply with the original discovery deadlines despite diligence.

38. Experian's failure to answer Plaintiff's interrogatories and its late 900-page document dump preclude a fair adjudication of discovery and summary judgment.

39. Plaintiff served Experian with his First Set of Interrogatories on October 29, 2025, pursuant to Federal Rule of Civil Procedure 33.(Exhibit 1)

40. These interrogatories sought basic information about who handled Plaintiff's disputes and identity-theft claims, the "method of verification" Experian used on each disputed item, why Experian failed to block or delete identity-theft accounts, the procedures Experian followed under the FCRA, and the factual basis for Experian's affirmative defenses.(Exhibit 1)

41. Experian's November 26, 2025 responses consisted largely of objections and Rule 33(d) references to Plaintiff's consumer file and future productions, rather than substantive answers to Plaintiff's interrogatories.(Exhibit 2)

42. Interrogatories 1, 2, 3, 5, 6, 7, and 10 go directly to whether Experian complied with its statutory duties to reasonably investigate Plaintiff's disputes, properly handle his identity-theft evidence, and accurately report results.(Exhibit 1)

43. Without complete answers to these interrogatories, Plaintiff has been unable to discover who actually investigated his disputes, what steps those individuals took, what internal policies governed their work, why Experian refused to provide a Method of Verification, or what evidence Experian relies on to support its affirmative defenses.(Exhibit 1–3)

7

44. All of this information is uniquely within Experian's control and is central to whether Experian's investigation was reasonable under the FCRA.(Exhibit 1–3)

45. Despite these deficiencies, Experian now seeks to rely on its own version of the facts in support of summary judgment.

46. Granting Experian the benefit of the current schedule, without addressing its failure to provide substantive responses to core interrogatories, would reward Experian for withholding critical discovery and deprive Plaintiff of a fair opportunity to test Experian's assertions.(Exhibit 1–4)

47. At a minimum, Experian's failure to provide targeted discovery on core issues shows that Plaintiff has not had a full and fair chance to obtain the evidence needed to oppose summary judgment.(Exhibit 1–4)

48. The prejudice to Plaintiff is compounded by Experian's late production of more than 900 pages of documents, which Plaintiff did not receive until approximately January 21, 2026—after discovery closed on January 15, 2026.(Exhibit 4)

49. Plaintiff, a pro se litigant, could not reasonably review a 900-plus-page "document dump," determine what it contained, and then timely move to compel or seek additional discovery before the deadline.(Exhibit 4)

50. Experian has also refused to identify which specific pages in that production allegedly show that it properly handled Plaintiff's CFPB disputes, identity-theft reports, and Method of Verification request.(Exhibit 4)

8

51. Under these circumstances, Experian should not be permitted to rely on its own incomplete and unexplained record while withholding answers to interrogatories that squarely address its investigation, procedures, and defenses.(Exhibit 1–4)

52. Good cause exists to modify the discovery deadlines so that Experian can be compelled to provide complete responses to Plaintiff's interrogatories and to identify the specific documents in its 900-page production that it contends support its position.(Exhibit 1–4)

**C. The limited relief requested is narrowly tailored and will not unduly prejudice Experian.**

53. Plaintiff does not seek to reopen all discovery or delay this case indefinitely. Instead, Plaintiff requests narrowly tailored relief: (1) an order compelling Experian to answer Interrogatories 1–7 and 10 in Plaintiff's First Set of Interrogatories, and (2) an order requiring Experian to identify, by Bates number or page range, the specific documents within its 900-page production that it contends show receipt, investigation, and resolution of Plaintiff's disputes and identity-theft reports.(Exhibit 1–4)

54. This targeted relief is directly tied to issues Experian has already placed at the center of its summary-judgment motion and will simply allow Plaintiff a fair chance to test those assertions.(Exhibit 1–4)

55. Because the requested relief is limited and directed at discovery Experian was already obligated to provide, any prejudice to Experian is minimal compared to the prejudice Plaintiff will suffer if he is forced to oppose summary judgment without answers to his interrogatories or usable identification of key documents.(Exhibit 1–4)

9

56. Accordingly, the Court should grant Plaintiff's Motion for Limited Relief from Discovery Deadlines and to Compel Targeted Responses.

## IV. RELIEF REQUESTED

57. For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order granting this Motion for Limited Relief from Discovery Deadlines and to Compel Targeted Responses, and specifically:

A. Modifying the Scheduling Order and discovery deadlines for the limited purpose of allowing Plaintiff to obtain responses to his First Set of Interrogatories to Defendant Experian Information Solutions, Inc., served on October 29, 2025.

B. Compelling Experian, pursuant to Rules 33 and 37 of the Federal Rules of Civil Procedure, to serve full and complete answers, without improper objections, to Interrogatories 1 through 7 and 10 in Plaintiff's First Set of Interrogatories within fourteen (14) days of the Court's Order.

C. Ordering Experian to identify, by Bates number or page range, within fourteen (14) days of the Court's Order, the specific documents within its 900-plus-page production that it contends demonstrate: (a) receipt of Plaintiff's disputes (including CFPB disputes and identity-theft reports), (b) the steps of any investigation or reinvestigation performed, and (c) the results and communications provided to Plaintiff.

D. Denying Experian's Motion for Summary Judgment, or in the alternative, deferring ruling on Experian's motion until the targeted discovery relief described above has been completed.

10

E. Granting Plaintiff's pending Motion for Partial Summary Judgment on liability under 15 U.S.C. § 1681i(a)(7), or in the alternative, preserving that motion for decision after the targeted discovery is completed.

F. Granting such other and further relief as the Court deems just and proper in light of Experian's failure to answer discovery and the late production of voluminous documents.

Respectfully submitted,

Dated: February 23, 2026

Gilbert Bryan
5506 Dodge Drive
Fayetteville, NC 28303
910.257.7828
gbryan115@gmail.com

11