# EXHIBIT
# 1

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NORTH CAROLINA

GILBERT BRYAN )
)
Plaintiff )
)
v. )
) Case No. 5:25-cv-00585
)
EXPERIAN INFORMATION )
SOLUTIONS, Inc )
)
Defendant )
)

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC UNDER FED. R. CIV. P.33

Each interrogatory requests a complete response and production of corresponding documents, if referenced.

1. Identify all persons involved in processing, investigating, or responding to any account disputes, correction requests, or identity theft claims submitted by Gilbert Bryan from November 2024 to the present.

2. Describe, in detail, the method of verification Experian used to confirm the accuracy and validity of each account or item disputed by Gilbert Bryan, including the manner in which Experian attempted to verify the identity of the alleged account holder.

3. State the reasons, if any, why Experian did not block or delete all disputed items and accounts from Gilbert Bryan's credit file within four business days after receiving evidence of identity theft or fraudulent information, as required by 15 U.S.C. § 1681c-2.

4. Identify every communication (written, electronic, or verbal) between Experian and any third parties, including data furnishers, creditors, or collection agencies, regarding the disputed accounts or any investigation related to Gilbert Bryan.

5. Describe in detail all procedures Experian followed to comply with the Fair Credit Reporting Act when investigating the disputes and identity theft reports submitted by Gilbert Bryan, including internal policies, checklists, or scripts used by Experian employees handling such disputes.

6. State all reasons for Experian's refusal or failure to provide Gilbert Bryan with the "method of verification" when requested, including the legal or factual basis for any such refusal.

7. Identify all documents or records showing Experian's communications to and from Gilbert Bryan regarding the disputes, verifications, or alleged fraudulent activity, including all dispute forms, affidavits, and responses.

8. Describe any steps taken by Experian to identify, prevent, or respond to fraud or unauthorized use of Social Security Numbers, including any protocols for validating "control numbers" or similar identifiers as alleged by Gilbert Bryan.

9. Identify any and all accounts, tradelines, or items that were "verified" without documentary evidence showing that the initial application, contract, or transaction was actually signed or expressly authorized by Gilbert Bryan.

10. For each alleged affirmative defense raised in Experian's Answer, state the factual basis and identify all witnesses and documents supporting each defense, including but not limited to any evidence disputing Gilbert Bryan's claims of identity theft or bankruptcy discharge.

2

# <u>CERTIFICATE OF SERVICE</u>

I, GILBERT BRYAN, certify that on October 29, 2025 a copy of this PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, Inc UNDER FED. R. CIV. P. 33 was mailed via United States Postal Service First Class Mail on the date set forth below and served upon the DEFENDANT to the following name(s) and address:

DATED:  October 29, 2025


/s/ Michael Peretz
Michael Peretz (N.C. Bar No. 56682)
North Carolina Bar No. 56682
TROUTMAN PEPPER LOCKE, LLP
301 S College Street, 34th Floor
Charlotte, NC 28202
Telephone: (704) 998-4099
Email: michael.peretz @troutman.com
Attorney for Defendant Experian
Information Solutions, Inc


Gilbert Bryan
Plaintiff, Pro Se
5506 Dodge Drive
Fayetteville, NC 28314
gbryan115@gmail.com
(910) 257-7828

3