# EXHIBIT
# 2

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

GILBERT BRYAN,
                            Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
                            Defendant.

Civil Action No. 5:25-cv-00585

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Experian Information Solutions, Inc. ("Experian"), hereby provides its responses to Plaintiff Gilbert Bryan's ("Plaintiff") First Set of Interrogatories (the "Interrogatories"):

## PRELIMINARY STATEMENT

Although Experian has made a diligent and good faith effort to gather the information with which to respond to the Plaintiff's Interrogatories, discovery in this matter is ongoing. Moreover, Experian has not yet completed its investigation of this matter. For those reasons, Experian's responses may be incomplete. Accordingly, all of the following responses are given without prejudice to and with the express reservation of Experian's right to supplement or modify its responses to the extent

required by applicable law to incorporate later discovered information, and to rely upon any and all such information at trial or otherwise. Likewise, Experian shall not be prejudiced if any of its present responses are based on an incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

Experian also has responded to the Plaintiff's Interrogatories based on its best, good faith understanding and interpretation of each item therein. Accordingly, if Plaintiff subsequently asserts a different interpretation than that presently understood by Experian, then Experian reserves the right to supplement or amend these responses.

## **GENERAL OBJECTIONS**

Each of the responses below is made subject to and incorporates the following General Objections:

1. **Attorney-Client Privilege**. Experian objects generally to Plaintiff's Interrogatories to the extent that they seek information protected from disclosure by the attorney-client privilege. Moreover, Experian generally objects to Plaintiff's Interrogatories to the extent that they seek confidential and privileged communications between attorney and client during the anticipation of and pendency of this action, including but not limited to communications between attorney and client regarding Plaintiff's Interrogatories. Experian deems such privileged communications not intended to be within the scope of Plaintiff's Interrogatories and

will not, and does not intend these responses to, waive the privilege afforded to such privileged communications.

2. **Attorney Work Product Privilege**. Experian objects generally to Plaintiff's Interrogatories to the extent that they seek information protected from disclosure by the attorney work product doctrine. Moreover, Experian objects to Plaintiff's Interrogatories to the extent that they seek work product created in anticipation of or during the pendency of this action, including but not limited to research and investigation and analysis concerning Plaintiff's Interrogatories. Experian deems such protected information not intended to be within the scope of Plaintiff's Interrogatories and will not, and does not intend by these responses to, waive the work product protection afforded to such documents.

3. **Instructions and Definitions**. Experian objects to Plaintiff's Interrogatories on the grounds that the words or phrases defined and/or used by Plaintiff in their definitions, instructions, and individual interrogatories are vague, ambiguous and/or subject to multiple interpretations. Experian will respond to such Interrogatories according to its understanding of the ordinary meaning of such words or phrases, and Experian reserves the right to amend its Responses if Plaintiff subsequently advances a different interpretation of those words or phrases. Experian also objects to Plaintiff's Interrogatories, definitions, and instructions to the extent they are unduly burdensome, overbroad, exceed the scope of the rules governing

discovery in this action, or purport to require Experian to perform tasks beyond its obligations under the Federal Rules of Civil Procedure. Moreover, Experian objects to Plaintiff's Interrogatories to the extent the burden or expense of the proposed discovery outweighs its likely benefit, and to the extent the definitions, instructions, and Interrogatories assume, imply, or require legal conclusions. Experian will respond pursuant to its obligations under the Federal Rules of Civil Procedure.

4. **Commercially Sensitive Information and Trade Secrets**. Experian objects generally to Plaintiff's Interrogatories to the extent that they seek highly confidential, proprietary or otherwise commercially sensitive information or trade secrets. Experian may produce such information subject to the protective order to be entered in this matter.

5. **Possession, Custody and Control**. Experian objects generally to Plaintiff's Interrogatories to the extent that they seek information and documents that are not in Experian's possession, custody, or control. Experian only will disclose information and documents in its possession, custody or control in response to the Interrogatories.

6. **Definition of "You," "Your," "Experian," and "Defendant".** Experian objects to the definition of the terms "You," "Your," "Experian," and "Defendant" on the grounds that the terms are not clearly defined or are defined in such a way, are so unduly overbroad, and are not limited in time or

scope, in a manner relevant to any party's claims or defenses in the pending action and proportional to the needs of the case considering all the factors that bear on proportionality set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, such that formulating responses to discovery requests using such definitions would be unduly burdensome and oppressive. This definition is particularly objectionable in that it is not limited to Experian's managing agents or department heads, but is so broadly phrased as to purport to include any "officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf." Thus, it is not only burdensome and oppressive, but as a practical matter, it is impossible for Experian to frame meaningful responses to discovery requests which utilize this objectionably broad definition. Accordingly, Experian will respond to this discovery only to the extent the terms "You," "Your," "Experian," and "Defendant" are interpreted to mean and include only the entity, Experian Information Solutions, Inc.

7. **Definitions of "Identify."** Experian objects to the multiple definitions of the term "Identify" on the ground that the definitions are unduly burdensome and overbroad and seek information not relevant to any party's claims or defenses in the pending action nor proportional to the needs of the case considering all the factors that bear on proportionality set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Experian further objects to these definitions to the extent that they

purport to require Experian to perform tasks beyond its obligations under the Federal Rules of Civil Procedure. Experian will respond pursuant to its obligations under the Federal Rules of Civil Procedure.

8. **Definition of "Document."** Experian objects to the definition of "Document" on the ground that it is unduly burdensome and overbroad and that it is not limited in time or scope in a manner relevant to the material issues. Experian objects to Plaintiff's use of the term "Document" to the extent it purports to require Experian to perform tasks beyond its obligations under the Federal Rules of Civil Procedure including production of "any kind of . . . graphic matter." Experian will respond to the Interrogatories pursuant to its obligations under the Federal Rules of Civil Procedure based on the plain meaning of the word "Document."

9. **Definition of "Person."** Experian objects to the definition of "Person" on the ground that the definition is so overly broad and neither limited in time or scope in a manner relevant to the material issues in the pending action, nor designed to discover information proportional to the needs of the case that formulating responses to discovery requests using such definitions would be unduly burdensome and oppressive. For example, the definition includes not only "any individual, association, partnership, limited partnership, joint venture proprietorship, corporation, professional corporation, trust, organization, or other identifiable entity however denominated," but also "the agents, employees, or representatives of any

such person." Experian will respond to the Discovery Requests pursuant to its obligations under the Federal Rules of Civil Procedure based on the plain meaning of the word "Person."

10. **Scope.** Experian objects to Plaintiff's Interrogatories on the grounds that they are overly broad as to scope and time, unduly burdensome and purport to impose obligations on Experian greater than those imposed by the Federal Rules of Civil Procedure. Experian also objects to the Interrogatories to the extent they seek documents that are neither relevant to any party's claims or defenses in the pending action nor proportional to the needs of the case considering all the factors that bear on proportionality set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, and to the extent that they seek information beyond the scope of the allegations in this proceeding. Experian will respond pursuant to its obligations under the Federal Rules of Civil Procedure.

11. **Time Period and Definition of "Relevant Timeframe".** Experian objects to Plaintiff's Interrogatories and the definition of "Relevant Timeframe" on the grounds that they are not reasonably limited in scope or time, and are vague as to time, because they seek documents and/or information for the time period "two years prior to the alleged default on the Account (or if no default, three years prior to the date this Litigation was filed), through the present." Such a vague, ambiguous, and uncertain time period potentially causes the Interrogatories to seek documents

and/or information beyond the applicable reporting periods and/or statutes of limitation. *See, e.g.*, 15 U.S.C. §§ 1681c, 1681g, 1681p. Experian is not required to and does not retain documents and/or information indefinitely. Experian can only disclose information and documents in its possession, custody or control.

12. **Right to Supplement**. Experian reserves the right to supplement its answers to these Interrogatories pursuant to Fed. R. Civ. P. 26(e).

13. Experian incorporates the foregoing General Objections and limitations into each of the following specific objections and responses, which are made subject to and without waiver of those General Objections and limitations.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY 1:** Identify all persons involved in processing, investigating, or responding to any account disputes, correction requests, or identity theft claims submitted by Gilbert Bryan from November 2024 to the present.

**OBJECTION:**

Experian objects to this Interrogatory as vague and ambiguous with respect to the phrases "involved in processing, investigating, or responding to any account disputes, correction requests, or identity theft claims". Experian further objects to this Interrogatory as being unreasonable in scope and substance, overly broad, and unduly burdensome. Experian further objects to this Interrogatory on the grounds

that it is compound and that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Experian also objects to this Interrogatory to the extent that it seeks confidential, private information from Experian about third parties, and identification of individuals who are not officers, directors, or managing agents of Experian. Experian also objects to this Interrogatory to the extent it seeks information about individuals that is protected by U.S. privacy laws and the privacy and/or labor laws of Chile, India and Costa Rica. Experian also objects to this Interrogatory to the extent that it seeks information from Experian that may only be discovered through proper service of subpoenas on third parties.

Experian further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work-product doctrine, and any other privilege or immunity. Experian does not agree to produce any documents or information that are subject to any such privilege or protection. Experian also objects to this Interrogatory on the grounds that it calls for the disclosure of confidential, proprietary, and/or trade secret information.

**RESPONSE:**

Experian is unable to respond to the Interrogatory as phrased.

**INTERROGATORY 2:** Describe, in detail, the method of verification Experian used to confirm the accuracy and validity of each account or item disputed by Gilbert Bryan, including the manner in which Experian attempted to verify the identity of the alleged account holder.

**OBJECTION:**

Experian objects to the Interrogatory on the grounds it is overly broad, not reasonably limited in time and scope, unduly burdensome, calls for speculation, and calls for a legal conclusion. The Interrogatory is not limited to the consumer information or credit furnishers at issue in the complaint. The Interrogatory is vague and ambiguous as to the phrases "the method of verification Experian used" and "verify the identity of the alleged account holder."

Experian further objects to this Interrogatory to the extent that it seeks confidential, proprietary, and/or trade secret information. Experian objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product protection, or any other applicable privilege.

**RESPONSE:**

Subject to, and without waiver of, the foregoing objections or the General Objections stated above, Experian responds as follows: Upon direct notification from a consumer that information contained in his Experian credit file is believed to be inaccurate, Experian will initiate its reinvestigation process. Experian will first

consider and review all relevant information provided by the consumer. The information provided by the consumer helps Experian to properly identify the consumer and the item or items that are believed to be inaccurate, along with the nature of the inaccuracy. If the consumer provides supporting documentation with the dispute, Experian reviews the documentation to determine whether the documentation alone can be authenticated and as such is sufficient to delete or update the account as requested by the consumer, or the account and related dispute can be updated according to an Experian internal policy. If the supporting documentation is not sufficient to delete or update the account as requested by the consumer, Experian contacts the data furnisher through an Automated Consumer Dispute Verification ("ACDV") form sent through an online platform called e-Oscar to request that the data furnisher conduct an investigation and verify of update the account. Experian attaches any supporting documentation to the ACDV so that is available to the data furnisher. Upon receipt of the ACDV, the furnisher is required to investigate the information and either verify or update the disputed information.

The ACDV is then completed by the data furnisher and returned to Experian. Experian then makes any appropriate updates or deletions based on the response and Experian's policies and procedures for evaluation of the response. When a furnisher responds to the ACDV, they are certifying to Experian that they have confirmed the accuracy of the information contained in the response and to the item as a whole.

Once the reinvestigation is complete, Experian sends a notice containing the results to the consumer.

**INTERROGATORY 3:** State the reasons, if any, why Experian did not block or delete all disputed items and accounts from Gilbert Bryan's credit file within four business days after receiving evidence of identity theft or fraudulent information, as required by 15 U.S.C. § 1681c-2.

**OBJECTION:**

Experian objects to the Interrogatory on the grounds it is overly broad, not reasonably limited in time and scope, unduly burdensome, calls for speculation, and calls for a legal conclusion. The Interrogatory is not limited to the consumer information or credit furnishers at issue in the complaint.

Experian further objects to this Interrogatory to the extent that it seeks confidential, proprietary, and/or trade secret information. Experian objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product protection, or any other applicable privilege.

**RESPONSE:**

Subject to, and without waiver of, the foregoing objections stated above, Experian responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian states that a portion of information responsive to this

Interrogatory may be derived or ascertained from the responsive, non-confidential documents in Plaintiff's Experian consumer file that Experian will produce including communication between Plaintiff and Experian. The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

**INTERROGATORY 4:** Identify every communication (written, electronic, or verbal) between Experian and any third parties, including data furnishers, creditors, or collection agencies, regarding the disputed accounts or any investigation related to Gilbert Bryan.

**OBJECTION:**

Experian objects to this Request on the grounds that it is vastly overbroad, not reasonably limited in time, not reasonably limited in scope, unduly burdensome, argumentative, compound, designed solely to harass Experian, and seeks documents or information neither relevant to the claims and defenses of any party nor proportional to the needs of the case, considering all the factors that bear on proportionality set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure, as it purports to seek documents encompassing virtually all facets of compliance with the Fair Credit Reporting Act. Moreover, this Request seeks *all* such documents related to any communications with third parties regarding the disputed accounts, regardless of whether they existed or were in use at the time of Plaintiff's relevant

alleged dispute to Experian, regardless of their application to the nature of the disputed information, and regardless of their connection to the very limited claims and defenses in this case. Thus, this Request would require Experian to incur significant costs to identify, locate, and compile documents that are wholly irrelevant to any claim or defense in this case; whatever negligible use Plaintiff envisions for such materials or information cannot justify the burden placed on Experian to identify or generate, compile, and produce the same. Experian also objects on the ground that the Request is not reasonably limited in time or scope, nor is it proportional to the needs of this case, given that the applicable statute of limitations limits Plaintiff's claims to two years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Experian further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privileges. Experian further objects to this Request on the grounds that it seeks highly confidential, proprietary, or trade secret information of both Experian and third-parties.

**RESPONSE:**

Subject to, and without waiver of, the foregoing objections stated above, Experian responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian states that a portion of information responsive to this Interrogatory may be derived or ascertained from the responsive, non-confidential

documents in Plaintiff's Experian consumer file that Experian will produce, including relevant ACDVs. The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

**INTERROGATORY 5:** Describe in detail all procedures Experian followed to comply with the Fair Credit Reporting Act when investigating the disputes and identity theft reports submitted by Gilbert Bryan, including internal policies, checklists, or scripts used by Experian employees handling such disputes.

**OBJECTION:**

Experian objects to the Interrogatory on the grounds it is overly broad, not reasonably limited in time and scope, unduly burdensome, calls for speculation, and calls for a legal conclusion. The Interrogatory is not limited to the consumer information or credit furnishers at issue in the complaint. The Interrogatory is vague and ambiguous as to the phrases "all procedures Experian followed to comply with the Fair Credit Reporting Act when investigating the disputes and identity theft reports".

Experian further objects to this Interrogatory to the extent that it seeks confidential, proprietary, and/or trade secret information. Experian objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the work product protection, or any other applicable privilege. Finally,

Experian further objects that this Interrogatory is overly broad and unduly burdensome in that it purports to require Experian to provide information beyond its obligations under the Federal Rules of Civil Procedure by attempting to determine the origin or source of any information used by Defendant to answer any interrogatory.

**RESPONSE:**

Experian is unable to respond to the Interrogatory as phrased.

**INTERROGATORY 6:** State all reasons for Experian's refusal or failure to provide Gilbert Bryan with the "method of verification" when requested, including the legal or factual basis for any such refusal.

**OBJECTION:**

In addition to its Specific Objections to Plaintiff's Definitions and Instructions, Experian objects to this Interrogatory on the grounds that it is overly broad and is not reasonably limited in time or scope, nor is it proportional to the needs of this case. Experian also objects to this Interrogatory on the grounds that it is compound, unduly burdensome, overly broad, and seeks documents related to disputes that are neither relevant to any party's claims or defenses nor proportional to the needs of the case. Finally, Experian objects to this Interrogatory as it assumes facts not in evidence.

**RESPONSE:**

Subject to, and without waiver of, the foregoing objections stated above, Experian responds as follows: Experian complied with the FCRA. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian states that a portion of information responsive to this Interrogatory may be derived or ascertained from the responsive, non-confidential documents in Plaintiff's Experian consumer file that Experian will produce. The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

**INTERROGATORY 7:** Identify all documents or records showing Experian's communications to and from Gilbert Bryan regarding the disputes, verifications, or alleged fraudulent activity, including all dispute forms, affidavits, and responses.

**OBJECTION:**

In addition to its Specific Objections to Plaintiff's Definitions and Instructions, Experian objects to this Interrogatory on the grounds that it is overly broad and vague as to "all documents or records showing Experian's communications to and from Gilbert Bryan regarding the disputes, verifications, or alleged fraudulent activity, including all dispute forms, affidavits, and responses" and is not reasonably limited in time or scope, nor is it proportional to the needs of this case. Experian also objects to this Interrogatory on the grounds that it is

compound, unduly burdensome, overly broad, and seeks documents related to disputes that are neither relevant to any party's claims or defenses nor proportional to the needs of the case.

**RESPONSE:**

Subject to, and without waiver of, the foregoing objections stated above, Experian responds as follows: Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Experian states that a portion of information responsive to this Interrogatory may be derived or ascertained from the responsive, non-confidential documents in Plaintiff's Experian consumer file that Experian will produce. The burden of deriving or ascertaining the answer from these documents is substantially the same for Plaintiff as for Experian.

**INTERROGATORY 8:** Describe any steps taken by Experian to identify, prevent, or respond to fraud or unauthorized use of Social Security Numbers, including any protocols for validating "control numbers" or similar identifiers as alleged by Gilbert Bryan.

**OBJECTION:**

In addition to reasserting its Specific Limitations and Objections to Plaintiff's Instructions and Definitions, Experian objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and oppressive. Experian further objects

to this Interrogatory on the ground that it is vague and ambiguous in its use of the terms and phrases "steps taken by Experian to identify, prevent, or respond to fraud or unauthorized use of Social Security Numbers" and "including any protocols for validating 'control numbers' or similar identifiers as alleged by Gilbert Bryan." Experian objects to this Interrogatory to the extent it mischaracterizes Experian's duties under the Fair Credit Reporting Act. Experian further objects to this Request on the grounds that it is vastly overbroad, not reasonably limited in time, not reasonably limited in scope, unduly burdensome, argumentative, compound, designed solely to harass Experian, and seeks documents or information neither relevant to the claims and defenses of any party nor proportional to the needs of the case, considering all the factors that bear on proportionality set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Experian also objects on the ground that the Request is not reasonably limited in time or scope, nor is it proportional to the needs of this case, given that the applicable statute of limitations limits Plaintiff's claims to two years "after the date of discovery of the violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Experian further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privileges. Experian further objects to this

Request on the grounds that it seeks highly confidential, proprietary, or trade secret information.

**RESPONSE:**

Experian is unable to respond to the Interrogatory as phrased.

**INTERROGATORY 9:** Identify any and all accounts, tradelines, or items that were "verified" without documentary evidence showing that the initial application, contract, or transaction was actually signed or expressly authorized by Gilbert Bryan.

**OBJECTION:**

Experian objects to the Interrogatory on the grounds it is overly broad, not reasonably limited in time and scope, unduly burdensome, calls for speculation, and calls for a legal conclusion. The Interrogatory is not limited to the consumer information or credit furnishers at issue in the complaint. The Interrogatory is vague and ambiguous as to the phrases "all accounts, tradelines, or items" and "'verified' without documentary evidence". Experian objects to this Interrogatory to the extent it mischaracterizes Experian's duties under the Fair Credit Reporting Act. Experian also objects on the ground that the Request is not reasonably limited in time or scope, nor is it proportional to the needs of this case, given that the applicable statute of limitations limits Plaintiff's claims to two years "after the date of discovery of the

violation that is the basis for such liability." *See* 15 U.S.C. § 1681p. Experian further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, or other applicable privileges. Experian further objects to this Request on the grounds that it seeks highly confidential, proprietary, or trade secret information.

**RESPONSE:**

Experian is unable to respond to the Interrogatory as phrased.

**INTERROGATORY 10:** For each alleged affirmative defense raised in Experian's Answer, state the factual basis and identify all witnesses and documents supporting each defense, including but not limited to any evidence disputing Gilbert Bryan's claims of identity theft or bankruptcy discharge.

**OBJECTION:**

In addition to its Specific Limitations and Objections to Plaintiff's Definitions and Instructions, which are incorporated herein, Experian objects to this Interrogatory on the ground that it is compound, unduly burdensome, oppressive, and overbroad, particularly since it asks for all facts and/or documents that support each and every aspect of Experian's defense of the case. This Interrogatory indiscriminately sweeps an entire pleading and impermissibly requires Experian to provide, in essence, a running narrative or description of its entire case. Experian

objects to this Interrogatory on the ground that it is premature. Discovery has just begun and an investigation into Plaintiff's allegations and Experian's defenses is ongoing. As such, Experian has not yet identified all facts that support its defenses and/or refute Plaintiff's claims. Experian also objects to the Interrogatory on the ground that it is compound, seeking detailed information pertaining to each and every one of Experian's multiple defenses, thus rendering the Interrogatory confusing, vague, and ambiguous as to what is sought and obscuring the total number of Interrogatories that Plaintiff has served in this lawsuit. Experian also objects to this Interrogatory on the basis that it is vague and overbroad by requiring Experian to "state in detail" all documents, facts, and legal arguments supporting the assertion of any and all affirmative defenses and any allegation in the Complaint, and seeks information that is neither relevant nor proportional to the needs of the case considering all the factors that bear on proportionality set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Experian also objects to this Interrogatory to the extent it seeks information subject to the attorney work product doctrine, attorney-client privilege, or other privilege or immunity. Experian further objects to this Interrogatory on the grounds that it calls for the disclosure of confidential, proprietary, and/or trade secret information. Experian further objects to this Interrogatory as a contention interrogatory, which is premature at this early stage of

discovery when the parties are still developing the evidentiary basis for their defenses.

**RESPONSE:**

Subject to and without waiver of these objections and its Specific Limitations and Objections to Plaintiff's Definitions and Instructions, Experian states that pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, the information responsive to this Interrogatory may be derived or ascertained from documents produced by Experian. The burden of deriving or ascertaining the answer to this Interrogatory from these documents is substantially the same for Plaintiff as it is for Experian. Further answering, Experian states that it may rely on documents produced by other parties to this lawsuit and by nonparties.

Date: November 26, 2025

Respectfully Submitted,

*/s/ R. Kyle Driggers*

R. Kyle Driggers, Esq. (N.C. Bar No. 62334)
TROUTMAN PEPPER LOCKE LLP
305 Church at N. Hills St., #1200
Raleigh, NC 27609
Telephone: (919) 835-4145
Facsimile: (561) 655-8719
Email: kyle.driggers@troutman.com

*Counsel for Defendant Experian Information Solutions, Inc.*

I have read **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** and know their contents.

I am a Senior Litigation Analyst employed by Experian Information Solutions, Inc. I am authorized to make this verification. I am informed and believe and, on that ground, allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of Texas that the forgoing is true and correct.

Executed on November 26, 2025, in Rockwall, Texas.

Christine Hamilton

_____

# CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2025, a copy of the foregoing was sent

via electronic mail and U.S. Mail to:

Gilbert Bryan
5506 Dodge Drive
Fayetteville, NC  28303
*Pro se Plaintiff*

/s/ *R. Kyle Driggers*

R. Kyle Driggers, Esq. (N.C. Bar No. 62334)
*Attorney for Defendant Experian Information Solutions, Inc.*