# EXHIBIT
# 3

# PLAINTIFF'S MEET-AND-CONFER LETTER REGARDING DEFICIENT INTERROGATORY RESPONSES

**Via Email (per Rule 26(f) Agreement)**

Kyle Driggers, Esq.
Troutman Pepper Locke LLP
Counsel for Defendant Experian Information Solutions, Inc.
kyle.driggers@troutman.com

Re: Bryan v. Experian Information Solutions, Inc.
Civil Action No. 5:25-cv-00585
Deficient Responses to Plaintiff's First Set of Interrogatories

December 31, 2025

Attention Counsel:

Pursuant to Federal Rules of Civil Procedure 26 and 37, and consistent with the parties' Rule 26(f) Planning Meeting Report dated October 28, 2025, Plaintiff writes in a good-faith effort to meet and confer regarding deficiencies in Defendant Experian Information Solutions, Inc.'s Responses to Plaintiff's First Set of Interrogatories, served November 26, 2025.

As reflected in the Rule 26(f) Report, the parties expressly agreed to cooperate in good faith throughout discovery, including conferring where information is withheld or objections are asserted, and further agreed that discovery in this matter should remain focused on the disputed tradelines, Experian's statutory compliance obligations, and damages flowing from those issues.

Despite those agreements, several of Experian's interrogatory responses are deficient under Rules 26 and 33.

I. DEFICIENT INTERROGATORY RESPONSES

Interrogatory Nos. 1, 5, 8, and 9

Experian responded that it is "unable to respond to the Interrogatory as phrased."

These responses are improper. Even where objections are asserted, Rule 33 requires a party to answer to the extent the interrogatory is not objectionable. A blanket statement that Defendant is "unable to respond" does not satisfy Defendant's discovery obligations.

Interrogatory Nos. 3, 4, 6, 7, and 10 (Rule 33(d) Invocations)

1

Experian repeatedly invokes Rule 33(d) and refers Plaintiff generally to documents in Plaintiff's consumer file or to future productions.

Rule 33(d) requires that a responding party:

1. Identify specific documents, and
2. Specify where in those documents the responsive information can be found, with sufficient detail to permit Plaintiff to locate the information as readily as Defendant.

Experian's responses do neither and are therefore deficient.

## II. GOOD-FAITH REQUEST TO CURE

Plaintiff respectfully requests that Experian supplement its responses to the above-identified interrogatories by:

- Providing substantive answers where possible;
- Narrowing objections where appropriate;
- Properly identifying documents and locations relied upon under Rule 33(d); and
- Clarifying the factual bases for Experian's positions.

In keeping with the parties' Rule 26(f) commitments and to avoid unnecessary motion practice, Plaintiff requests that Experian provide supplemental responses within ten (10) days of the date of this letter.

## III. NOTICE OF INTENT TO SEEK RELIEF

If Experian does not cure the deficiencies identified above within ten (10) days, Plaintiff will seek relief under Federal Rule of Civil Procedure 37, including a Motion to Compel, and will submit this correspondence as evidence of Plaintiff's good-faith compliance with Rule 37(a)(1).

This letter is sent in the spirit of cooperation contemplated by Rule 26(f) and without waiver of any rights.

Respectfully,

Gilbert Bryan
Plaintiff, Pro Se
5506 Dodge Drive
Fayetteville, NC 28303
gbryan115@gmail.com

2