IN THE UNITED STATES DISTRICT COURT FOR THE PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
EASTERN DISTRICT OF NORTH CAROLINA     BY_____ DEP CLK

GILBERT BRYAN                          )
                                       )
Plaintiff                              )
                                       )
                                       )
                                       )     Case No. 5:25-cv-00585
v.                                     )
                                       )
Experian Information Solutions, Inc.,  )
                                       )
Defendant                              ) .

## PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1

Plaintiff Gilbert Bryan responds to Defendant Experian Information Solutions, Inc.'s Statement

of Material Facts as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

1

11. Admitted in part and denied in part. Plaintiff admits Experian states it maintains procedures, but Plaintiff disputes the sufficiency and application of those procedures to his disputes. See Bryan Decl. ¶¶ 9–11; Exs. 6–7.

12. Admitted in part and denied in part. Plaintiff admits Experian describes a general process, but Plaintiff disputes that this process was reasonably applied to Plaintiff's submitted materials. See Bryan Decl. ¶¶ 5–7, 9–11; Exs. 2–4, 6–7.

13. Admitted in part and denied in part. Plaintiff admits that he filed a CFPB complaint, but denies Experian's characterization of the scope and significance of that complaint to the extent inconsistent with Plaintiff's evidence and supporting documentation. See Bryan Decl. ¶¶ 4–5; Exs. 1–2.

14. Admitted.

15. Admitted in part and denied in part. Plaintiff admits that an identity-related submission was made, but disputes Experian's characterization of the report's relevance and the accounts implicated. See Bryan Decl. 7; Ex. 4.

16. Admitted.

17. Admitted in part and denied in part. Plaintiff disputes any implication that the absence of certain account numbers in a report eliminates his claims or defeats his evidence regarding the disputed tradelines at issue. See Bryan Decl. 3; Exs. 1–3.

18. Admitted.

19. Admitted.

20. Admitted in part and denied in part. Plaintiff admits that he filed a CFPB complaint on or about May 12, 2025, but denies any implication that the attached materials were

2

insufficient, irrelevant, or not properly submitted for consideration. See Bryan Decl. ¶¶ 4–6; Exs. 1–3.

21. Denied. Plaintiff disputes Experian's characterization of the significance and legal effect of the Form 101 materials and related submissions. See Bryan Decl. 5; Ex. 2.

22. Denied in part. Plaintiff disputes Experian's characterization of the Form 101 materials and any inference that those materials could not support or trigger a reasonable reinvestigation. See Bryan Decl. 5; Ex. 2.

23. Admitted in part and denied in part. Plaintiff admits Experian states that a search yielded no results, but disputes the completeness, scope, and reliability of that search. See Bryan Decl. ¶¶ 9–11; Exs. 6–7.

24. Denied. Plaintiff disputes Experian's reliance on judicial notice to resolve disputed factual questions concerning Plaintiff's bankruptcy-related submissions and supporting materials. See Bryan Decl. ¶¶ 5–6; Exs. 2–3.

25. Admitted that 1099-C forms were attached to the CFPB complaint. See Bryan Decl. 6; Ex. 3.

26. Admitted in part and denied in part. Plaintiff admits Experian describes the 1099-C forms, but disputes Experian's characterization and legal conclusion that those materials were invalid, irrelevant, or insufficient. See Bryan Decl. 6; Ex. 3.

27. Denied. Plaintiff disputes Experian's characterization of the facts and conclusions drawn therefrom, including any assertion that Plaintiff's submissions failed to trigger a reasonable reinvestigation. See Bryan Decl. ¶¶ 5–7, 9–11; Exs. 2–4, 6–7.

3

28. Admitted in part and denied in part. Plaintiff admits Experian claims to have conducted a reinvestigation, but disputes that the reinvestigation was reasonable or adequate under 15 U.S.C. § 1681i. See Bryan Decl. ¶¶ 9–11; Exs. 6–7.

29. Admitted that Plaintiff filed a CFPB complaint on or about June 13, 2025. See Bryan Decl. 8; Ex. 5.

30. Admitted in part and denied in part. Plaintiff admits Experian states that it reinvestigated through ACDV processes, but disputes the adequacy, scope, and reliability of those processes and any resulting verification. See Bryan Decl. ¶¶ 9–11; Exs. 6–7.

31. Admitted in part and denied in part. Plaintiff admits Experian sent dispute-related communications, but disputes the sufficiency, accuracy, and completeness of those communications and dispute results. See Bryan Decl. 11; Ex. 8.

32. Admitted that Plaintiff made a Method of Verification request on or about July 5, 2025. See Bryan Decl. 9; Ex. 6.

33. Admitted in part and denied in part. Plaintiff admits Experian sent letters, but disputes that those letters provided meaningful or legally sufficient verification of the disputed items as required by 15 U.S.C. § 1681i(a)(7). See Bryan Decl. ¶¶ 9–11; Exs. 6–8.

Respectfully submitted

DATED: April 22, 2026

4

Gilbert Bryan
Plaintiff, Pro Se
5506 Dodge Drive
Fayetteville, NC 28314
gbryan115@gmail.com
(910) 257-7828

5