**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NORTH CAROLINA**

FILED

APR 22 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

GILBERT BRYAN )
)
Plaintiff )
)
)
) Case No. 5:25-cv-00585
v. )
)
Experian Information Solutions, Inc., )
)
Defendant )

## PLAINTIFF'S ADDITIONAL MATERIAL FACTS

Pursuant to Local Civil Rule 56.1, Plaintiff Gilbert Bryan submits the following additional

material facts demonstrating that genuine disputes exist and that Defendant is not entitled to

summary judgment.

## I. Dispute Initiation and Supporting Documentation

1. On or about May 12, 2025, Plaintiff submitted a complaint through the Consumer

   Financial Protection Bureau ("CFPB") disputing the accuracy of the accounts at issue.

   (Bryan Decl. 4; Ex. 1.)

2. In connection with that dispute, Plaintiff provided supporting documentation, including

   bankruptcy-related materials and Official Form 101 materials. (Bryan Decl. 5; Ex. 2.)

3. Plaintiff also submitted 1099-C forms relating to the disputed accounts as part of his

   dispute materials. (Bryan Decl. 6; Ex. 3.)

1

4. Plaintiff submitted an Affidavit of Identity asserting that certain accounts were not properly attributable to him and required investigation. (Bryan Decl. 7; Ex. 4.)

## II. Escalation of Dispute and Continued Notice

5. On or about June 13, 2025, Plaintiff submitted a second CFPB complaint after Experian failed to adequately respond to his initial dispute. (Bryan Decl. 8; Ex. 5.)

6. These submissions placed Experian on notice that Plaintiff disputed the accuracy and validity of the reported accounts and required a meaningful reinvestigation. (Bryan Decl. ¶¶ 4–8; Exs. 1–5.)

## III. Method of Verification Request and Follow-Up

7. On or about July 5, 2025, Plaintiff sent Experian a written request for the Method of Verification ("MOV"), requesting identification of the specific information used to verify the disputed accounts. (Bryan Decl. 9; Ex. 6.)

8. On or about July 28, 2025, Plaintiff sent Experian a Notice of Claim letter documenting the dispute history and asserting that Experian had failed to provide adequate verification or correction. (Bryan Decl. 10; Ex. 7.)

## IV. Experian's Responses and Ongoing Dispute

9. Experian provided dispute-related communications and results; however, those responses did not provide meaningful or specific verification of the disputed accounts. (Bryan Decl. 11; Ex. 8.)

2

10. Plaintiff contends that Experian failed to identify the specific documents, sources, or information relied upon in verifying the disputed tradelines. (Bryan Decl. ¶¶ 9–11; Exs. 6–8.)

## V. Failure to Conduct a Reasonable Reinvestigation

11. Despite receiving Plaintiff's dispute materials and supporting documentation, Experian failed to conduct a reasonable reinvestigation of the disputed accounts. (Bryan Decl. ¶¶ 5–7, 9–11; Exs. 2–4, 6–8.)

12. Experian's reinvestigation relied on generalized or conclusory verification processes rather than a meaningful review of Plaintiff's submitted materials. (Bryan Decl. ¶¶ 9–11; Exs. 6–8.)

## VI. Materiality of Disputed Facts

13. The adequacy of Experian's reinvestigation, the sufficiency of its method of verification, and the accuracy of the reported accounts are disputed issues of material fact. (Bryan Decl. ¶¶ 3, 5–7, 9–11; Exs. 2–4, 6–8.)

14. These disputes are material to Plaintiff's claims under the Fair Credit Reporting Act, including 15 U.S.C. § 1681i and § 1681i(a)(7), and preclude summary judgment.

Respectfully submitted

DATED:  April 22, 2026

Gilbert Bryan
Plaintiff, Pro Se
5506 Dodge Drive
Fayetteville, NC 28314
gbryan115@gmail.com
(910) 257-7828

3