**FILED**

MAY 2 6 2026

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ___ DEP CLK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

GILBERT BRYAN,

Plaintiff

v.

Civil Action No. 5:25-cv-00585-D

EXPERIAN INFORMATION
SOLUTIONS, INC.,

Defendant

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff Gilbert Bryan ("Plaintiff"), proceeding pro se, and respectfully

submits this Supplemental Memorandum in Opposition to Defendant Experian

Information Solutions, Inc.'s ("Experian" or "Defendant") Motion for Summary

Judgment, and states as follows:

## I. INTRODUCTION

1. Plaintiff previously filed an opposition to Defendant's Motion for Summary Judgment,

together with supporting declarations, exhibits, additional material facts, and responses to

Defendant's Statement of Material Facts.

2. Plaintiff submits this Supplemental Memorandum to address additional issues raised

by Defendant's Motion and Reply, including unresolved discovery disputes, incomplete

evidentiary production, Defendant's asserted reinvestigation procedures, and Defendant's

alleged compliance with the Fair Credit Reporting Act ("FCRA"), including 15 U.S.C. §

1681i(a)(7).

1

3. Defendant seeks summary judgment while material factual disputes and unresolved discovery issues remain pending before the Court.

## II. SUMMARY JUDGMENT IS PREMATURE WHERE MATERIAL DISCOVERY REMAINS OUTSTANDING

4. Plaintiff previously filed a Motion to Compel Discovery that remains unresolved before the Court.

5. The unresolved discovery issues concern matters directly relevant to Defendant's Motion for Summary Judgment and Defendant's asserted defenses.

6. Specifically, Plaintiff's outstanding discovery requests concern evidence related to Defendant's reinvestigation procedures, Automated Consumer Dispute Verification ("ACDV") communications, e-OSCAR records, internal dispute handling records, communications with furnishers, and records concerning Defendant's alleged compliance with Plaintiff's Method of Verification ("MOV") requests.

7. Defendant nevertheless seeks summary judgment while material discovery disputes remain unresolved.

8. Plaintiff respectfully submits that summary judgment is premature where relevant discovery concerning Defendant's reinvestigation procedures and asserted compliance with the FCRA remains incomplete and within Defendant's possession, custody, and control.

## III. DEFENDANT HAS NOT PRODUCED COMPLETE EVIDENCE REGARDING ITS REINVESTIGATION PROCEDURES

2

9. Defendant repeatedly asserts that furnishers verified the disputed tradelines through the ACDV process and that Defendant therefore conducted a reasonable reinvestigation.

10. However, Defendant has not produced complete documentary evidence establishing precisely what information, documents, and supporting materials were transmitted to furnishers during the reinvestigation process.

11. Plaintiff submitted multiple disputes and supporting materials, including CFPB complaints, identity-related materials, bankruptcy-related materials, and 1099-C documentation.

12. Plaintiff reviewed Defendant's substantial discovery production, including the approximately 900-page production produced by Defendant, and Plaintiff was unable to identify complete documentary evidence demonstrating that all supporting documentation submitted by Plaintiff was transmitted to furnishers.

13. Plaintiff likewise was unable to identify complete ACDV records, complete e-OSCAR transmissions, or complete furnisher communications sufficient to fully evaluate Defendant's asserted reinvestigation procedures.

14. Defendant's generalized assertions that it followed standard procedures do not conclusively establish that Defendant conducted a reasonable reinvestigation under 15 U.S.C. § 1681i.

15. Genuine disputes of material fact remain regarding whether Defendant meaningfully reviewed Plaintiff's submitted materials and whether Defendant merely relied upon furnisher responses without conducting an adequate reinvestigation.

3

## IV. GENUINE DISPUTES EXIST REGARDING DEFENDANT'S ALLEGED COMPLIANCE WITH 15 U.S.C. § 1681i(a)(7)

16. Plaintiff submitted a written Method of Verification request dated July 5, 2025 requesting identification of the specific information and documents used to verify the disputed tradelines.

17. Defendant repeatedly asserts in its Motion and Reply that it complied with Plaintiff's requests for method of verification and provided Plaintiff with the disclosures required under 15 U.S.C. § 1681i(a)(7).

18. However, Defendant has not clearly identified or produced complete documentary evidence establishing the precise disclosures allegedly provided to Plaintiff in response to Plaintiff's Method of Verification request.

19. Defendant likewise has not clearly identified the exact procedures allegedly disclosed, the complete identifying information allegedly provided regarding furnishers, or sufficient documentary proof demonstrating that Defendant fully complied with the requirements of 15 U.S.C. § 1681i(a)(7).

20. Plaintiff respectfully disputes Defendant's assertions that adequate and meaningful method of verification disclosures were properly provided.

21. Genuine disputes of material fact therefore remain regarding Defendant's alleged compliance with 15 U.S.C. § 1681i(a)(7).

## V. DEFENDANT'S MOTION IMPROPERLY RELIES UPON GENERALIZED PROCEDURAL ASSERTIONS

4

22. Defendant's Motion repeatedly relies upon generalized descriptions of Defendant's reinvestigation procedures and conclusory assertions that Defendant complied with the FCRA.

23. However, Rule 56 requires evidentiary support sufficient to demonstrate the absence of genuine disputes of material fact.

24. Defendant's reliance upon generalized descriptions of standard procedures does not eliminate factual disputes concerning how Plaintiff's disputes were actually handled.

25. Plaintiff respectfully disputes whether Defendant adequately reviewed Plaintiff's supporting documentation, whether all relevant materials were forwarded to furnishers, and whether Defendant's reinvestigation procedures were reasonably applied to Plaintiff's disputes.

26. These disputed factual issues are material to Plaintiff's claims under 15 U.S.C. § 1681i and are inappropriate for resolution at the summary judgment stage.

## VI. PLAINTIFF HAS PRESENTED COMPETENT EVIDENCE CREATING GENUINE DISPUTES OF MATERIAL FACT

27. Plaintiff previously submitted sworn declarations, dispute correspondence, CFPB complaints, supporting documentation, and records concerning Defendant's responses and handling of Plaintiff's disputes.

28. Plaintiff's submissions constitute competent Rule 56 evidence concerning Plaintiff's disputes, communications, supporting documentation, requests for verification information, and Defendant's responses thereto.

5

29. At the summary judgment stage, the Court must construe the evidence and reasonable inferences in the light most favorable to Plaintiff as the nonmoving party.

30. Defendant's disagreement with Plaintiff's evidence and conclusions does not eliminate the existence of genuine disputes of material fact.

## VII. CONCLUSION

31. Genuine disputes of material fact remain regarding Defendant's reinvestigation procedures, Defendant's handling of Plaintiff's disputes, Defendant's alleged compliance with 15 U.S.C. § 1681i(a)(7), and the completeness of Defendant's discovery production.

32. Plaintiff respectfully submits that summary judgment is premature while unresolved discovery disputes remain pending and while critical evidence concerning Defendant's reinvestigation procedures remains incomplete and within Defendant's possession and control.

33. Accordingly, Defendant has failed to establish that it is entitled to judgment as a matter of law.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment, or alternatively defer ruling pending resolution of Plaintiff's Motion to Compel Discovery and completion of material discovery relevant to the issues raised in Defendant's Motion.

Respectfully submitted

Date: May 21, 2026.

Gilbert Bryan
Plaintiff, Pro Se
5506 Dodge Drive
Fayetteville, NC 28314
gbryan115@gmail.com
(910) 257-7828

6

# CERTIFICATE OF SERVICE

I certify that on May 21, 2026, I sent this document by U.S. first class mail to the Clerk of Court in order for the foregoing documents to be electronically filed using the CM/ECF system, which will send notice of filing to counsel of record for Defendant Experian Information Solutions, Inc.

Gilbert Bryan
Plaintiff, Pro Se
5506 Dodge Drive
Fayetteville, NC 28314
gbryan115@gmail.com
(910) 257-7828