IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **GILBERT BRYAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>**Defendant.** | **Civil Action No. 5:25-cv-585** |

# DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION REQUESTING RESOLUTION

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this Response in Opposition to Plaintiff's Motion Requesting Resolution of Plaintiff's Request for Limited Relief from Discovery Deadlines, Targeted Discovery, and the Parties' Pending Cross-Motions for Summary Judgment (ECF No. 44). Experian does not oppose the Court's resolution of the parties' pending cross-motions for summary judgment. Those motions have been fully briefed and are ripe for decision. However, Experian opposes any reopening of discovery at this stage of the litigation. The discovery period closed seven months ago, on January 15, 2026, and there is no basis to reopen it now as Experian has produced all the documents and information that are relevant and proportional to this case, and the record is more than sufficient to allow the Court to rule on the parties' pending motions for summary judgment.

## ARGUMENT

Plaintiff's request to reopen discovery should be denied. First, the discovery period established by the Court's Scheduling Order (ECF No. 14) closed on January 15, 2026. *See Swink v. S. Health Partners Inc.*, 160 F.4th 438, 459 (4th Cir. 2025) (denying motion to compel filed

after discovery deadline finding the delay was not due to "excusable neglect" and quoting an earlier Fourth Circuit opinion providing "the mere untimeliness of [a] motion supports the court's denial"). Experian responded to Plaintiff's discovery requests, serving written responses to Plaintiff's First Set of Interrogatories on November 26, 2025, and producing over 900 pages of documents from Plaintiff's consumer file, including relevant ACDV communications and dispute records. As discussed below, these records provide all the information that is relevant and proportional to this case. *See* Fed. R. Civ. P. 26(b)(1). And the passage of nearly seven months since the close of discovery, during which the parties have fully briefed cross-motions for summary judgment, weighs heavily against reopening the record at this late stage. *See Liu v. Signagen Labs.*, No. JKB-24-3289, 2026 U.S. Dist. LEXIS 92454, at *3 (D. Md. Apr. 23, 2026) ("Reopening discovery at this late juncture would prejudice Defendants insofar as it would require the expenditure of additional resources and cause substantial delays in the proceedings.").

More importantly, the discovery Plaintiff seeks is not necessary. The existing record, laid out in Experian's pending motion for summary judgment, includes Experian's interrogatory responses, its production of over 900 pages of documents from Plaintiff's consumer file, Plaintiff's exhibits—including CFPB complaints, dispute result notices, and correspondence—and the declarations and statements of material fact submitted by both parties. ECF No. 25. Plaintiff has not identified any specific fact essential to his opposition that cannot be ascertained from this record. Indeed, most of his motion consists of vague demands that Experian provide "full and complete answers" to several of its interrogatories, without explaining what more information would be relevant to his claims.  ECF 29 ¶¶ 43, 57. Beyond that, a significant component of Plaintiff's request is not for new discovery at all, but for Experian to identify by Bates number which pages within the documents already produced are responsive to particular issues. ECF 29

¶¶ 28, 31. Reopening discovery is not required for Plaintiff to review documents already in his possession.

To the extent Plaintiff's motion asks the Court to rule on the pending cross-motions for summary judgment (ECF 18, 22), Experian does not oppose that request. The motions are fully briefed, including Plaintiff's opposition, Plaintiff's supplemental memorandum, and Experian's replies. The case is ripe for disposition on the merits.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court deny Plaintiff's request to reopen discovery and proceed to rule on the parties' pending cross-motions for summary judgment on the existing record.

Dated: August 17, 2026

Respectfully submitted,

*/s/ Caren D. Enloe*
Caren D. Enloe
N.C. State Bar No. 17394
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
P.O. Box 176010
Raleigh, NC 27619-6010
Telephone: (919) 250-2000
Facsimile: (919) 250-2124
Email: cenloe@smithdebnamlaw.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 17, 2026 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served via regular mail upon:

Gilbert Bryan
5506 Dodge Drive
Fayetteville, NC 28303
*Pro Se Plaintiff*

*/s/ Caren D. Enloe*
Caren D. Enloe